Green, J.
delivered the opinion of the court.
The first question is, whether this court can reverse the circuit court judgment, because from the record it appears that the verdict of the county court was found only by eleven jurors. Had the plaintiff in error taken an appeal in error from the judgment of the county court, this error would have been fatal; but he chose to take a broad appeal, and try the whole case de novo in the circuit court. When the cause was thus brought into the circuit court, it could not look into and adjudicate upon the errors of the county court, but its business was to try the case as though it had been originally there. In fact it was only a new trial of the case, and had the same effect as though the county court had set aside the verdict pronounced by the eleven jurors, and had proceeded to try the cause anew, by a competent jury. Nor can this court any more reverse for the imperfection of the jury in the county court, than it could have done had a new trial taken place there. But it is insisted, that because this verdict was defective, there was no such final dispo *309 sition of the cause as would authorize the circuit court to .... . take jurisdiction. Although the verdict was defective, and for that reason the judgment upon it was erroneous, yet it was a final judgment. The cause was entirely disposed of in that court, and therefore the force of the argument is not perceived. We are of opinion, the circuit court, in its charge to the jury, gave a correct construction to the act of.1789, ch. 23, sec. 1, which requires a contested will to be proved by all the witnesses thereto, “if to be found.” It would be unreasonable to suppose that the Legislature intended that a party should search through distant foreign lands for a witness, and thereby produce delays, ruinous to the estate for which the contest was pending. “If to be found,” must, therefore, mean, if to be found by the officers having the process of subpoena to execute on him. Then there could be some certainty whether the witness could be found or not; the officer’s return being evidence of the fact. But if a party is to search foreign countries and other States, what evidence is to satisfy the court that the witness, although he had been sought for, might not yet be found. Upon the whole, we think there is no error in the record, and order the judgment to be affirmed.
Judgment affirmed.